LOGUE, J.
Appellants (“the Seafarers”) seek review of a trial court order that dismissed their complaint for declaratory relief against ap-pellee Norwegian Seafarers’ Union (“the Union”). We affirm.
FACTS AND PROCEDURAL HISTORY
The Seafarers are non-resident foreign nationals that work as stateroom attendants aboard foreign-flagged cruise ships operated by Royal Caribbean Cruises, Ltd. The Union is a Norwegian corporation with an office and property in Florida. It has historically represented various seamen worldwide in contract negotiations with foreign employers. On behalf of the Seafarers’ collective bargaining unit, the Union entered into a collective bargaining agreement with Royal Caribbean which, among other things, requires the Seafarers to arbitrate wage and hour claims under Norwegian law.
In an effort to avoid the arbitration provision, the Seafarers filed a class action complaint against the Union for declaratory judgment, seeking a declaration under general Florida contract and agency law that the Union does not have the authority to represent the Seafarers and that the collective bargaining agreement negotiated by the Union with Royal Caribbean was invalid. Royal Caribbean intervened in the lawsuit. The Union and Royal Caribbean filed motions to dismiss, which the trial court granted. This appeal followed.
ANALYSIS
The United States Supreme Court has held that federal labor laws will not be interpreted to extend to labor disputes between a foreign vessel and a foreign crew, unless Congress clearly states otherwise. The reason for this rule of construction is that such foreign labor disputes concern only the internal operations of the foreign ship and interference in such matters may implicate matters of international relations outside the competency of courts.
*1191 For example, in Benz v. Compania Naviera Hidalgo, S.A., 353 U.S. 138, 142, 77 S.Ct. 699, 1 L.Ed.2d 709 (1957), the Supreme Court was confronted with a labor dispute over wages between a foreign vessel and its foreign employees. The dispute arose while the ship was docked at an American port, and an American labor union intervened by picketing the ship on behalf of the foreign employees. Id. In holding that the National Labor Relations Act did not govern the dispute, the Supreme Court noted that
Our study of the Act leaves us convinced that Congress did not fashion it to resolve labor disputes between nationals of other countries operating ships under foreign laws. The whole background of the Act is concerned with industrial strife between American employers and employees.
Id. at 143-44, 77 S.Ct. 699. Speaking to the issue of why federal courts would not intervene in such a dispute concerning the internal affairs of a foreign ship absent a clear Congressional directive, the Supreme Court stated:
For us to run interference in such a delicate field of international relations there must be present the affirmative intention of the Congress clearly expressed. It alone has the facilities necessary to make fairly such an important policy decision where the possibilities of international discord are so evident and retaliative action so certain.
Id. at 147, 77 S.Ct. 699.
Similarly, in McCulloch v. Sociedad Nacional de Marineros de Honduras, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963), the Supreme Court again considered a dispute between a foreign-flagged ship and foreign employees. In McCulloch, an American labor union attempted to take the place of the Honduran labor union that had previously represented the employees, and which had negotiated the bargaining agreement that those employees were then working under. Id. at 13-14, 83 S.Ct. 671. The Court held that the federal labor laws would not be interpreted to reach this dispute because “[s]uch activity would raise considerable disturbance not only in the field of maritime law but in our international relations as well.” Id. at 19, 83 S.Ct. 671. In these circumstances, “[t]he possibility of international discord cannot therefore be gainsaid.” Id. at 21, 83 S.Ct. 671.
In a case remarkably similar to the present case, the Eleventh Circuit Court of Appeals affirmed the dismissal of a case brought by a foreign, non-resident seaman against his union and his employer, a foreign-flagged cruise line that operated out of American ports. Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 890 (11th Cir. 2013). The court held that a wage dispute between a foreign-flag vessel and its foreign crew fell within the internal affairs of the ship and therefore outside the reach of federal law. Id. at 888. Citing to McCul-loch and Benz, the Court held, “[b]ecause the Supreme Court has already determined that wage disputes between a foreign vessel and its foreign crew fall within the internal affairs of a ship, we are foreclosed from revisiting the question.” Id. at 889. In so holding, the Court noted “Benz clearly illustrates that the concern for international comity in these cases is general in nature and not allayed by a case-by-case effects-oriented inquiry.” Id. at 890.
Because labor disputes between foreign vessels and foreign crews concern only the internal affairs of the ship, they are treated differently than matters impacting the American public or even labor disputes between foreign vessels and American longshoremen. See, e.g., Spector v. Norwegian Cruise Line Ltd., 545 U.S. 119, 122, 125 S.Ct. 2169, 162 L.Ed.2d 97 *1192 (2005) (applying the Americans with Disabilities Act to foreign-flagged cruise ships); Int’l Longshoremen’s Local 1416, AFL-CIO v. Ariadne Shipping Co., 397 U.S. 195,198-201, 90 S.Ct. 872, 25 L.Ed.2d 218 (1970) (applying the National Labor Relations Act to a dispute between foreign ships and American longshoremen).
We believe that similar principles caution Florida courts not to adjudicate labor disputes between a foreign union and foreign employees working aboard foreign-flagged cruise ships. Florida’s statutory labor laws extend only to State public employees. See Chapter 447, Fla. Stat. (2013). For the reasons that the federal courts in Benz, McCulloch, and Lobo declined to interpret federal law as extending to such foreign labor disputes, absent an express statement by Congress to do so, we similarly decline to extend Florida statutory or common law to reach such disputes, absent an express statement by the Legislature otherwise. Accordingly, the trial court properly dismissed the Seafarers’ claim.
Affirmed.